UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10103
Summary Calendar
_____


NORTH TEXAS FARMERS, INC.,
d\b\a CARDINAL EQUIPMENT COMPANY,

                                        Plaintiff-Appellant,

                        versus

CASE CORPORATION,
f/k/a J.I. CASE COMPANY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(7:93 CV 043 X)
_____
August 21, 1995


Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     Plaintiff-Appellant North Texas Farmers, Inc., d/b/a Cardinal

Equipment Company ("Cardinal"), appeals the district court's

granting of summary judgment in favor of Defendant-Appellee Case

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular cases
on the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Corporation, f/k/a J.I. Case Company ("Case"). Cardinal also contends that the district court abused its discretion in refusing to allow additional discovery and continue trial, striking the affidavit of a material witness, and imposing discovery sanctions against Cardinal. Finding no reversible error, we AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

Cardinal, a farm equipment dealer in West Texas pursuant to a dealership agreement with Case, experienced financial difficulties and cash flow problems in the operation of its business. This hampered Cardinal's ability to secure credit and maintain adequate inventory. According to Cardinal, Case informed Cardinal that it would approve new dealer benefits for Cardinal, which would open up substantial operating credit to Cardinal, if Cardinal paid off its debt to Case and changed ownership. Cardinal then applied for financing from the United States Government, received a loan, and with a portion of the loan proceeds paid off the outstanding balance with Case. However, Cardinal claims that local representatives of Case then indicated to Cardinal that it would not receive new dealer benefits from Case. Cardinal then resigned as a Case dealership. In fact, Cardinal was removed from COD status and its application for new dealership benefits was approved subject to a change of ownership. Nearly four years after resigning its dealership, Cardinal brought suit which contained allegations of actual fraud.

Specifically, Cardinal alleged that Case falsely promised to award Cardinal new dealer benefits if Cardinal paid off its

2

outstanding account with Case and underwent a change of ownership. The district court granted Case's motion for summary judgment, disposing of this claim and Cardinal's remaining claims.[1]

## II. LAW AND ARGUMENT

Cardinal first argues that the district court erred in holding that, "[f]or plaintiff to prevail on its actual fraud claims, it must prove [them] by clear and convincing evidence." Cardinal argues that Texas has always required a party to prove its common law fraud claims by a preponderance of the evidence. Cardinal asserts that such error requires reversal of the summary judgment as a matter of law. We disagree.

This Court may affirm a grant of summary judgment on any basis supported by the record, Texas Refrigeration Supply, Inc. v. Federal Deposit Insurance Corporation, 953 F.2d 975, 980 (5th Cir. 1992), even when the district court applies the wrong legal standard, International Union, United Auto., Aerospace and Agr. Implement Workers of America, and its Locals 1093, 558 and 25 v. National Right to Work Legal Defense and Ed. Foundation, Inc., 590 F.2d 1139, 1151 (5th Cir. 1978). We review summary judgments de novo. Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 956 (5th Cir. 1993). Summary judgment shall be rendered if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making our determination, we must draw all justifiable inferences in favor of

---

[1] Cardinal does not challenge on appeal the district court's disposition of the remaining claims in his complaint.

the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The elements of fraud are as follows: "(1) a material representation was made; (2) it was false when made; (3) the speaker knew it was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made it with the intent that it should be acted upon; and (5) the party acted in reliance and suffered injury as a result." Beijing Metals & Minerals Import/Export Corp. v. American Business Center, Inc., 993 F.2d 1178, 1185 (5th Cir. 1993). Case presented undisputed evidence showing that it had approved Cardinal as a new dealer based on Cardinal's representation that there had been a change of ownership. This evidence establishes that the promise of new dealer benefits was not false and also refutes the element of intent required under Texas law. Moreover, the evidence reveals that Cardinal did not in fact make the change in ownership.

Cardinal points to evidence that Case did not timely notify Cardinal about the approval and that, subsequent to Cardinal meeting the requirements for obtaining the new dealer benefits, several individuals working for Case suggested that Cardinal would not receive the benefits. Such facts, however, do not establish the elements of fraud. Failure to disclose information is not fraudulent under Texas law "unless one has an affirmative duty to disclose, such as where a confidential or fiduciary relationship exists between the parties." Stephanz v. Laird, 846 S.W.2d 895, 904 (Tex.App.--Houston [1st Dist.] 1993, writ denied). Texas does

4

not impose fiduciary duties on franchisors. Crim Truck & Tractor Co. v. Navistar Intern. Transp. Corp., 823 S.W.2d 591, 593-96 (Tex. 1992). The fact that it was suggested that Cardinal would not receive the new dealer benefits is irrelevant to whether Case actually approved the new dealer benefits. As previously stated, Case actually did approve the benefits subject to the change of ownership. It is important to note that the fraudulent representation alleged in the complaint below was a false representation that new dealership benefits would be extended, not a false representation that new dealership benefits would not be extended.[2] We find that whether a plaintiff's burden to establish fraud is the clear and convincing standard or the preponderance of the evidence standard, Cardinal has failed to create a genuine issue with respect to the falsity of the misrepresentation alleged and the issue of intent. Accordingly, the district court did not err in granting summary judgment against Cardinal's fraud claim.

II

Cardinal next contends that the district court abused its discretion when it granted Case's motion to strike the affidavit of a previously unidentified witness, Elbert Louis Matney ("Matney"), offered in support of Cardinal's response to Case's motion for summary judgment. We find no abuse of discretion in denying the use of Matney's testimony in the proceedings because the witness

---

[2] Rule 9(b) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

was not timely disclosed.  Additionally, the information in the affidavit is cumulative to that considered by the district court.

### III

Finally, Cardinal argues that the district court abused its discretion in denying Cardinal's motion to continue.  Cardinal argues that the denial of this motion predisposed the court to grant summary judgment for Case because it withdrew from the court's consideration evidence that would have indicated the existence of a genuine issue of material fact.  Cardinal states that Case delivered its dealership file three weeks after the discovery deadline.  Cardinal argues that, after a review of the file, it became aware of the Matney testimony and the identity and the need to depose members of Case's Dealership Review Board.

It is clear, however, that the reason why Cardinal did not receive the dealership file before the second and final discovery deadline was because Cardinal did not request the file even though it was made available for inspection by Case prior to the first discovery deadline.  We find no abuse of discretion in the district court's denial of Cardinal's motion to continue trial and to extend discovery for a second time.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.